# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL A., | :<br>: |
| Petitioner, | : Civ. No. 17-8295 (KM)<br>: |
| v. | :<br>: |
| ORLANDO RODRIGUEZ, | : OPINION<br>: |
| Respondent. | :<br>: |

## KEVIN MCNULTY, U.S.D.J.

### I.    INTRODUCTION

Petitioner, Daniel A.,[1] is an immigration detainee currently held at the Elizabeth Detention Center, in Elizabeth, New Jersey. He is proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the following reasons, the habeas petition will be denied without prejudice.

### II.    BACKGROUND

Petitioner is a native and citizen of Ghana. He entered the United States on October 27, 2016, seeking asylum, and he has been detained by the Department of Homeland Security, Immigration and Customs Enforcement, ("ICE") since that time.

Petitioner filed this habeas petition on October 13, 2017, challenging the duration of his detention. He seeks an order directing that a bond hearing take place before an immigration judge ("IJ"). Respondent filed a response in opposition to the habeas petition, arguing that Petitioner was entitled to no bond hearing as he was detained under 8 U.S.C. § 1225(b). In reply,

---

[1]    Consistent with guidance regarding privacy concerns in social security and immigration cases by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, Petitioner is identified in this publicly filed opinion only by his first name and last-name initial.

Petitioner contends that persons detained under § 1225(b) should receive the same due-process protections—particularly an individualized bond hearing—as aliens detained under other statutes.

Respondent has notified the Court that, on March 23, 2018, the Board of Immigration Appeals ("BIA") dismissed an appeal by Petitioner of his order of removal. A review of court filings indicates that Petitioner has not filed a petition for review by the United States Court of Appeals for the Third Circuit. The order of removal, then, is final.

## III. DISCUSSION

Petitioner seeks a bond hearing before an IJ based on the length of his detention. (Pet., ECF No. 1.) As ICE issued Petitioner a notice to appear for immigration proceedings when he was attempting to enter the country and seeking asylum, he was initially detained as an applicant for admission under 8 U.S.C. § 1225(b). *See* 8 U.S.C. § 1225(b)(1)(B)(ii); *Jennings v. Rodriguez*, 138 S. Ct. 830, 842–45 (2018).

Detention of an applicant for admission pending further consideration of an asylum petition or a removal proceeding is mandated by § 1225(b). *See id.* Controlling statutes and regulations do not provide for bond hearings concerning persons detained under § 1225(b). *See* 8 C.F.R. §§ 235.3(c), 1003.19(h)(2)(i)(B).[2] The rights of a § 1225(b) detainee, however, are no longer relevant in this case, as the BIA's dismissal of Petitioner's appeal converted his detention from pre- to post-removal. *See id.* § 1241.1(a). Such post-removal immigration detention is governed by an entirely different statutory scheme, under 8 U.S.C. § 1231. The question of

---

[2] Cases from this district have recognized that due-process concerns may, under certain circumstances, justify bond hearings for § 1225(b) detainees. *See Damus v. Tsoukaris*, Civ. A. No. 16-933 (JLL), 2016 WL 4203816, at *2–4 (D.N.J. Aug. 8, 2016). For the reasons expressed in text, the point is moot as to this post-removal detainee.

2

whether Petitioner's detention warranted pre-removal habeas relief is therefore moot. *See Rodney v. Mukasey*, 340 F. App'x 761, 764 (3d Cir. 2009); *Quezada v. Hendricks*, 821 F. Supp. 2d 702, 708 (D.N.J. 2011).

The pre-removal period expired 90 days ago. As the arguments raised in Petitioner's filings are no longer applicable, the petition will be denied without prejudice.

Detention is mandatory for the first 90 days of the post-removal period (*i.e.*, the period that expires today), and may continue for some time after that. *See* 8 U.S.C. § 1231. Section 1231 does not authorize indefinite post-removal-period detention, however. *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). Such detention is limited "to a period reasonably necessary to bring about that alien's removal from the United States." *Id.* Six months, said the Court, would be a "presumptively reasonable" period of post-removal detention under § 1231. *Id.* at 701. Should Petitioner wish to challenge the duration of his post-removal detention, he may do so by filing a new habeas petition under § 2241 or by seeking leave to file an amended habeas petition in this proceeding.

## IV. CONCLUSION

For the foregoing reasons, the habeas petition will be denied without prejudice. An appropriate order will be entered.

DATED: June 21, 2018

KEVIN MCNULTY
United States District Judge

3